IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
        PELVIC REPAIR SYSTEM                                    MDL NO. 2327
        PRODUCTS LIABILITY LITIGATION

_____

THIS DOCUMENT RELATES TO:

*Warmack, et al. v. Ethicon, Inc., et al.*                Civil Action No. 2:12-cv-01150

ORDER

(Re: Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev)

Pending before the court is Defendants' Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev [ECF No. 52]. The plaintiffs have not responded, and the time for doing so has expired. Thus, this motion is ripe for my review. For the following reasons, the defendants' motion is **GRANTED**.

The defendants move to exclude the case-specific expert pathology report of Dr. Iakovlev on the grounds that the plaintiffs failed to submit the report. The defendants note that they still do not have the plaintiffs' case-specific report despite that it was due two months ago. The plaintiffs did not respond.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party fails to comply with the disclosure requirements of Rule 26(a), the party will not be able to use that witness or information to supply evidence unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  In *Hoyle v. Freightliner, LLC*, the Fourth Circuit outlined five factors to consider whether a failure to fully comply with Rule 26(a) is substantially justified or harmless:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony

*Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011).

The court has been transparent about the need to comply with deadlines throughout the Ethicon MDL. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administer the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

I agree with the defendants and find that the *Hoyle* factors weigh in favor of excluding Dr. Iakovlev's case-specific report. Plaintiffs' counsel never once sought an extension to comply with these deadlines from the court despite knowledge of both the discovery deadlines and Dr. Iakovlev's ability to process the reports in a timely fashion, nor did they contest this motion. Furthermore, pursuant to Pretrial Order # 217 [ECF No. 62], discovery for Wave 1 cases concluded on April 1, 2016.

Accordingly, Defendants' Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev [ECF No. 52] is **GRANTED**. It is **ORDERED** that all case-specific opinions of Dr. Vladimir Iakovlev are **EXCLUDED** from this case.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 21, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE